# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# CLARKSBURG

J. RON WRIGHT, in his capacity as Administrator
of the Estate of TERRY LEE RICHARD, JR.,

        Plaintiff,

v.                                            CIVIL ACTION NO. 1:15-CV-205
                                            (c/w 1:15-CV-204; 1:15-CV-206;
                                            1:15-CV-207; 1:15-CV-228 and
                                            1:16-CV-24 or discovery)

SBA COMMUNICATIONS CORP.;                JUDGE KEELEY
SBA TOWERS, LLC; SBA
INFRASTRUCTURE, LLC;
SBA NETWORK SERVICES, LLC;
FDH VELOCITEL; FDH ENGINEERING, INC.;
FDH INNOVATION; and FDH, INC.,

        Defendants.

and

FDH, INC., now known as KCHM, INC.; and
FDH ENGINEERING, INC., now known as
KCHM and ASSOCIATES, INC.,

        Third-Party Plaintiffs,

v.

S&S COMMUNICATION SPECIALISTS, INC.;
THE ESTATE OF KYLE KIRKPATRICK;
JERRY HILL; and RANDALL MCELHANEY,

        Third-Party Defendants.

and

VELOCITEL, INC. d/b/a FDH VELOCITEL,

        Third-Party Plaintiff,

v.

THE ESTATE OF KYLE KIRKPATRICK;
JERRY HILL; and RANDALL McELHANEY,

        Third-Party Defendants.

**OPINION AND ORDER**

This case is before the undersigned pursuant to a referral order (ECF No. 246) entered by United States District Judge, Irene M. Keeley, on March 28, 2018. For the reasons discussed below, Defendant's Motion for Entry of a Protective Order is **DENIED.**

### I. Procedural History

On March 27, 2018, KCHM filed a *Motion for Protective Order* (ECF No. 241) and *Memorandum in Support*[1] (ECF No. 242), which had been filed after Plaintiff filed his *Fifth Amended Notice of Deposition Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure to Defendants FDH, Inc., now known as KCHM, Inc. and FDH Engineering, Inc., now known as KCHM and Associates, Inc.* KCHM argued that the information that the Plaintiff sought was inappropriate "financial discovery" that would give the Plaintiff an unfair advantage in settlement negotiations and such inquiry is premature as the Plaintiff has not made a prima facie showing justifying an award for punitive damages.[2] On April 23, 2018, Plaintiff filed his *Memorandum of Law in Opposition of KCHM's Motion for Entry of a Protective Order* (ECF No. 261). Plaintiff argued that it is not seeking financial information, but rather the information will substantiate Plaintiff's argument that Velocitel is a successor in interest of KCHM and would also be responsible for any liability placed on KCHM, making Velocitel an appropriate party to the case.

Then on April 26, 2018, Defendant KCHM filed its *Reply in Support of KCHM, Inc. and KCHM and Associates, Inc.'s Motion for Entry of a Protective Order* (ECF N. 268). The

---

[1] The Defendant has filed a Supplemental Memorandum (ECF No. 257), to which the Plaintiff responded (ECF No. 258) regarding the Supplemental Areas of Inquiry 61 and 62. These issues have been resolved during the hearing and a separate Order (ECF No. 273) was entered on April 30, 2018. These issues are not discussed in this Order.

[2] Parties had conferred prior to the hearing and agreed to a definition of "upper management" that was suitable to both parties and as such this issue as to Areas of Inquiry Nos. 25-27, 27, 49, and 53-56 were not addressed at the hearing.

Defendant argued that the financial discovery that Plaintiff seeks is irrelevant to the claims against the Defendants and Plaintiff has not sufficiently pled a claim that would allow the Plaintiff to "pierce the corporate veil" to gain such information. On April 30, 2018, the parties came before Magistrate Judge Michael John Aloi for a hearing to determine whether or not a protective order should be granted as to the Rule 30(b)(6) Deposition Areas of Inquiry Nos. 1, 2, 4, 6, 7, 8, 9 and 11. During the hearing, Defendant KCHM argued that because Plaintiff has not adequately pled a claim against Velocitel and this request for discovery is inappropriate, absent amending the pleadings. Plaintiff contended that its Complaint does allege that Velocitel is the successor to KCHM and, more importantly, this information is required because of Defendant Velocitel's *Motion for Judgment on the Pleadings* (ECF No. 63), in which Velocitel moved to dismiss itself from the case claiming that it was not an appropriate party in the case.

## II. Applicable Law

Rule 30(b)(6) of the Federal Rules of Civil Procedure provides in pertinent part:

> (6) Notice of Subpoena Directed to an Organization. In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. A subpoena must advise a nonparty organization of its duty to make this designation. The persons designated must testify about information known or reasonably available to the organization. This paragraph (6) does not preclude a deposition by any other procedure allowed by these rules.

Rule 26(c) of the Federal Rules of Civil Procedure provides in pertinent part:

> (1) In General. A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending—or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an

order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

> . . .
> (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;

Fed. R. Civ. P. 26(c).

"To obtain a protective order under Rule 26(c), the party resisting discovery must establish that the information sought is covered by the rule and that it will be harmed by disclosure." In re Wilson, 149 F.3d 249 (4th Cir. 1998). If the party resisting discovery makes a sufficient showing, then the other party must "establish that the information is sufficiently necessary and relevant to his case to outweigh the harm of disclosure." Id. at 252.

### III. Legal Analysis

This matter is before the Court is to determine whether the Defendant KCHM's Motion for Entry of a Protective Order should be granted against the eight remaining Rule 30(b)(6) Areas of Inquiry at issue. These Areas of Inquiry include:

> 1. The assets of defendants FDH, Inc., now known as KCHM, Inc., and FDH Engineering, Inc., now known as KCHM and Associates, Inc. and/or any related entity (collectively "FDH/KCHM") as of the present subject to rulings by the Court regarding the discovery of this information.
> 2. What happened to the consideration received by FDH/KCHM from Velocitel following the consummation of the asset purchase, subject to rulings by the Court regarding the discovery of this information. In accordance with the Court's ruling, plaintiffs are not requesting information regarding the amount of the consideration but, rather, how the funds were disperse and/or reinvested in the companies.
> 4. The relative gross and net income of each FDH/KCHM entity on an annual basis for each year from January 1, 2012, though the asset purchase and from the asset purchase to the present. By "relative amounts," plaintiffs seek a percentage comparison of income at the relevant times, *i.e.*, the gross and net income prior to the sale as compared to the income of these FDH/KCHM entities after the sale, and not dollar figures. Plaintiff seeks this information to determine the ongoing viability of FDH/KCHM since the APA was consummated and the personal liability of Christopher Murphy, Darin Holt, and John Fisher.

6. The nature and amount of any stock transfers between the date of the asset sale and the present, subject to rulings by the Court regarding the discovery of this information. The information sought is relevant to the on-going viability of FDH/KCHM and the potential personal liability of Christopher Murphy, Darin Holt, and John Fisher as well as to Velocitel's assertion that it is not a proper party to this case and/or to its liability as a potential successor in interest.

7. The buildings owned and/or operated by FDH/KCHM, the work done in those buildings, and the number of employees at said buildings between February 1, 2014 and the present. The information sought is relevant to the on-going viability of FDH/KCHM and the potential personal liability of Christopher Murphy, Darin Holt, and John Fisher as well as to Velocitel's assertion that it is not a proper party to this case and/or to its liability as a potential successor in interest

8. The website(s) for FDH/KCHM (including FDH, KCHM, FDH Engineering, and KCHM and Associates) as they existed on January 1, 2013, January 1, 2014, and January 1, 2015 and the reasons for any changes to the website(s).

9. The number of individuals employed by each FDH/KCHM entity at each of its business locations as of January 1 on each of the following years:
    a. 2013;
    b. 2014;
    c. 2015;
    d. 2016; and
    e. as of the present date.

11. The general nature of the work done by each FDH/KCHM entity from the date the APA was signed to the present, including the approximate number of cellular tower projects done by FDH/KCHM after said date. The information sought is relevant to the on-going liability viability of FDH/KCHM and the potential personal liability of Christopher Murphy, Darin Holt, and John Fisher as well as to Velocitel's assertion that it is not a proper party to this case and/or to its liability as a potential successor in interest.

Defendant KCHM has argued that discovery of these financial issues is inappropriate because this information is irrelevant to the claims against KCHM for the deaths and serious injuries resulting from the tower collapse, Plaintiff is not seeking punitive damages that would allow such financial discovery, and the Plaintiff has failed to plead a claim against Velocitel that would allow this type of discovery.

    *a. Velocitel's Motion for Judgment on the Pleadings*

The need for this specific discovery and what makes this discovery relevant stems from Defendant Velocitel's *Motion for Judgment on the Pleadings*. In its Motion, Velocitel moved to dismiss the Complaint, and itself as a party, arguing that Velocitel has no successor liability for KCHM's actions or omissions. (ECF No. 90).

During the hearing on the *Motion for Judgment* on July 26, 2017, District Judge Irene M. Keeley stated that the Motion was premature pending further discovery to determine whether KCHM was a functioning business, whether KCHM kept other assets besides the insurance policies, and where the compensation from the Asset Purchase Agreement went. (ECF No. 156, pp. 13-14). The Plaintiff was unable to determine, at that time, whether the asset purchase was done in bad faith or even fraudulently, absent more discovery on this particular issue. While the type and extent of discovery is generally dictated by the claims that are presented in the pleadings, Velocitel has alleged that it is not a successor in interest and therefore discovery should be allowed to make this determination. The *Motion for Judgment on the Pleadings* triggered the need for this discovery and therefore makes the inquiry relevant.

  b. *Punitive Damages*

Defendant KCHM also argued that if this information was disclosed without a claim seeking punitive damages, prior to the appropriate time, Plaintiff would be given information that could unfairly disadvantage the Defendants. The Court addressed this issue when the Defendant KCHM refused to disclose an un-redacted copy of the Asset Purchase Agreement and Plaintiff filed a *Motion to Compel* seeking the agreement. (ECF No. 140). The undersigned partially granted Plaintiff's Motion in an effort to balance giving the Plaintiff information regarding Velocitel or KCHM's financial status, which would give them an edge in settlement

negotiations, and giving the Plaintiff enough information to determine whether Velocitel is an appropriate party in the case.

### c. *Claims Against Velocitel*

Defendant KCHM also argued that Velocitel did not make sufficient allegations as to the actions of Velocitel and KCHM with regard to the transfer of assets that would render this type of discovery appropriate. During the April 30, 2018 hearing, however, Defendant KCHM conceded that in the event that Plaintiff amended his complaint to include actual allegations against Velocitel and KCHM, this type of discovery would be appropriate. The Court, however, was persuaded by the Plaintiff's argument that he had already alleged in his complaint that Velocitel was the successor in interest and was liable for the actions or omissions of KCHM and Plaintiff did not need to amend his pleadings to be able to discover this information. Once the discovery is complete as to the relationship between KCHM and Velocitel, Plaintiff will then be able to adequately determine whether Velocitel is an appropriate party and will allow Plaintiff to discern whether it needs amend its complaint to add additional claims in good faith.

Although the Defendants assured the Court that this information is not required because the Agreement was legitimate and was not done to evade liability for the deaths and severe injuries sustained as a result of the tower collapse, the Court was persuaded by the Plaintiff's need for this information to discover whether Velocitel is the appropriate party in this case. The Plaintiff used very specific language to limit how much financial information will be discussed in the 30(b)(6) depositions to avoid discussing actual numerical values as was the concern in the undersigned's October 30, 2017 *Order Granting as Framed, Plaintiff's Motion to Compel* (ECF No. 162).

### IV. Conclusion

Accordingly, the Defendant's Motion for Entry of a Protective Order is **DENIED.** The Clerk of the Court is directed to transmit copies of this Opinion and Order to counsel of record and to send a copy of this Order via Certified Mail to *pro se* parties.

It is so **ORDERED.**

Date: May 1, 2018

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE