```
IN THE UNITED STATES DISTRICT COURT
   FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**J. RON WRIGHT, in his capacity as**
**Administrator of the Estate of**
**Terry Lee Richards, Jr.,**

      **Plaintiff,**

v.                      //    CIVIL ACTION NO. 1:15CV205
                                   (Judge Keeley)

**SBA COMMUNICATIONS CORP., et al.,**

      **Defendants,**

**and**

**FDH, INC., FDH ENGINEERING, INC. et al.,**

      **Third Party Plaintiffs,**

v.

**S&S COMMUNICATION SPECIALISTS, INC., et al.,**

      **Third Party Defendants,**

**THE ESTATE OF KYLE KIRKPATRICK, et al.,**

      **Cross Claimants,**

**S&S COMMUNICATION SPECIALISTS, INC.,**
**KCHM AND ASSOCIATES, INC.,**

      **Cross Defendants.**

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S AMENDED MOTION TO TRANSFER CASE TO THE EASTERN DISTRICT OF OKLAHOMA [DKT. NO. 401] AND SCHEDULING WRONGFUL DEATH SETTLEMENT HEARING**

      Pending before the Court is the plaintiff's Amended Motion to Transfer Case to the United States District Court for the Eastern District of Oklahoma. For the reasons that follow, the Court **DENIES** the motion (Dkt. No. 401).

**WRIGHT v. SBA COMMUNICATIONS CORP., ET. AL.**         **1:15CV205**

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S AMENDED MOTION TO TRANSFER CASE TO THE EASTERN DISTRICT OF OKLAHOMA [DKT. NO. 401] AND SCHEDULING WRONGFUL DEATH SETTLEMENT HEARING**

**I.**

This wrongful death action arises from the collapse of a wireless communications tower in Despard, West Virginia. On February 1, 2014, Terry Lee Richards, Jr. ("Richards"), a resident of Oklahoma, was working on the tower when it suddenly collapsed, killing him and killing and injuring others. The plaintiff, J. Ron Wright, in his capacity as administrator, filed suit concerning Richards' death in the Circuit Court of Harrison County, West Virginia, in September 2015 (Dkt. No. 1-2), and the defendants removed the case to this Court on November 2, 2015 (Dkt. No. 1). Almost three years of extensive discovery and motion practice followed in this case and several related cases, and trial in the consolidated cases was scheduled to commence on January 2, 2019 (Dkt. No. 210).[1]

Following the completion of briefing on the defendants' motions for the summary judgment, counsel advised the Court on October 18, 2018, that the parties had fully resolved their dispute (Dkt. No. 397). Approximately one week later, on October 26, 2018,

---

[1] By Order entered on December 20, 2017, the Court consolidated this case with civil action numbers 1:15CV204, 1:15CV206, and 1:15CV207 for all purposes, including trial (Dkt. No. 210).

**WRIGHT v. SBA COMMUNICATIONS CORP., ET. AL.**  1:15CV205

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S AMENDED MOTION TO TRANSFER CASE TO THE EASTERN DISTRICT OF OKLAHOMA [DKT. NO. 401] AND SCHEDULING WRONGFUL DEATH SETTLEMENT HEARING**

the plaintiff moved to transfer this case to the District Court for the Eastern District of Oklahoma for determination of the distribution of settlement proceeds among the potential beneficiaries (Dkt. No. 400). The next day, the plaintiff filed an amended motion to transfer, correcting the identity of certain potential beneficiaries (Dkt. No. 401). Thus, as an initial matter, the Court **DENIES as MOOT** the plaintiff's first filed motion to transfer (Dkt. No. 400). Before turning to the merits of the plaintiff's amended motion, the Court notes that, despite the opportunity to do so, no defendant has filed a response to the motion.

**II.**

A party may move to transfer venue to a more convenient forum pursuant to 28 U.S.C. § 1404(a), which provides that:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

"[T]he purpose of [this] section is to prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" Van Dusen v. Barrack, 376 U.S. 612, 616 (1964) (quoting Continental Grain Co.

**WRIGHT v. SBA COMMUNICATIONS CORP., ET. AL.                 1:15CV205**

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S AMENDED MOTION TO TRANSFER CASE TO THE EASTERN DISTRICT OF OKLAHOMA [DKT. NO. 401] AND SCHEDULING WRONGFUL DEATH SETTLEMENT HEARING**

v. Barge FBL–585, 364 U.S. 19, 26, 27 (1960)). Section 1404(a) vests district courts with broad discretion "to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (quoting Van Dusen, 376 U.S. at 622). While it is within the sound discretion of the Court to grant a change of venue, the movant bears the burden of demonstrating that transfer is proper. Smith v. Scottsdale Ins. Co., 2013 WL 6230455, at *2 (N.D. W. Va. Dec. 2, 2013).

According to the plaintiff, all of the parties and potential beneficiaries who are presently represented by attorneys have consented to a transfer to the Eastern District of Oklahoma for the purpose of litigating issues regarding the distribution of settlement proceeds (Dkt. No. 401 at 4). Further, counsel for the plaintiff fully expects that the decedent's unrepresented half-sister will join in that consent when counsel is able to contact her. Id.

Having met the threshold requirement that the district to which transfer is sought be a proper forum, the relevant inquiry is whether a transfer would be for the convenience of the parties and in the interests of justice. District courts in the Fourth Circuit consider four factors when deciding a motion to transfer venue

**WRIGHT v. SBA COMMUNICATIONS CORP., ET. AL.** 1:15CV205

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S AMENDED MOTION TO TRANSFER CASE TO THE EASTERN DISTRICT OF OKLAHOMA [DKT. NO. 401] AND SCHEDULING WRONGFUL DEATH SETTLEMENT HEARING**

based on convenience: (1) the weight accorded to the plaintiff's choice of venue; (2) witness convenience and access; (3) convenience of the parties; and (4) the interest of justice. Trs. of the Plumbers & Pipefitters Nat'l Pension Fund v. Plumbing Servs., Inc., 791 F.3d 436, 444 (4th Cir. 2015).

In seeking a transfer, the plaintiff states that "most" of the potential beneficiaries and witnesses in this case live in the Eastern District of Oklahoma (Dkt. No. 401 at 3). Further, four of the claimants are represented by attorneys located in or near that district. Id. Citing the expenses to the claimants and their counsel to travel into West Virginia and the fees required for visiting attorneys to be admitted pro hac vice in this District, the plaintiff contends that "the cost . . . to litigate in West Virginia, as opposed to Oklahoma, . . . will not be insignificant." Id. at 4. In addition, the plaintiff contends that proceeding by video conference may "prove unwieldy" because multiple claimants and their attorneys anticipate appearing at the settlement hearing. Id. at 5. Accordingly, the plaintiff argues that transfer to the Eastern District of Oklahoma would be for the convenience of the parties and in the interest of justice. Id. at 4.

With respect to the convenience factors, the Court acknowledges that the decedent was a resident of Oklahoma and that

**WRIGHT v. SBA COMMUNICATIONS CORP., ET. AL.**          **1:15CV205**

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S AMENDED MOTION TO TRANSFER CASE TO THE EASTERN DISTRICT OF OKLAHOMA [DKT. NO. 401] AND SCHEDULING WRONGFUL DEATH SETTLEMENT HEARING**

the majority of the potential beneficiaries and witnesses reside there. Moreover, these factors relate to considerations that the Court may be weigh in deciding a motion to transfer under section 1404(a). See, e.g., Cambridge Filter Corp. v. Int'l Filter Co., Inc., 548 F.Supp. 1308, 1311 (D.C. Nev. 1982) (noting the cost of transporting parties and counsel to forum state); Hess v. Gray, 85 F.R.D. 15, 24-25 (E.D. Ill. 1979) (considering the distance and expenses associated with having witnesses attend trial). Accordingly, the Court agrees that convenience would result to the claimants and witnesses in this case if the action were transferred to the Eastern District of Oklahoma for proceedings related to the distribution of settlement funds.

Nonetheless, a finding of convenience to the parties and witnesses does not end the Court's inquiry. As noted, section 1404(a) specifically provides that the Court must also consider the interest of justice when deciding a motion to transfer. "Factors traditionally considered in an 'interest of justice' analysis relate to the efficient administration of the court system." Coffey v. Van Dorn Iron Works, 796 F.2d 217, 221 (7th Cir. 1986). And, as the Supreme Court itself has recognized, the interest of justice "must include the convenience of the court." Ferens v. John Deere

**WRIGHT v. SBA COMMUNICATIONS CORP., ET. AL.**  1:15CV205

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S AMENDED MOTION TO TRANSFER CASE TO THE EASTERN DISTRICT OF OKLAHOMA [DKT. NO. 401] AND SCHEDULING WRONGFUL DEATH SETTLEMENT HEARING**

Co., 494 U.S. 516, 529 (1990) (observing that "[l]itigation in an inconvenient forum does not harm the plaintiff alone").

Thus, "the juncture in the case at which the motion to transfer is presented . . . [is] of primary relevance in determining if a transfer of the action will best promote the interests of justice." Frazier v. Commercial Credit Equip. Corp., 755 F. Supp. 163, 167 (S.D. Miss. 1991) (denying motion where the plaintiff moved for a transfer following the filing of the defendant's motion for summary judgment). Where, as here, "a party has filed suit in one court and has allowed a significant amount of time to pass before the request to transfer is made, the forum court has had the opportunity to involve itself in the management of the lawsuit and to familiarize itself with the issues presented by the case." Id.

Consequently, a transfer of the case at this late stage "would greatly diminish the value of the judicial resources that had so far been expended in the matter, since the . . . [C]ourt's familiarity with the case would no longer be of benefit." Id. Accordingly, this Court agrees that "the diminishment of judicial resources that would be occasioned by motions to transfer that come at such late stages in the lawsuit do not promote and, indeed, greatly hinder the interests of justice." Id. at 167-68.

**WRIGHT v. SBA COMMUNICATIONS CORP., ET. AL.          1:15CV205**

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S AMENDED MOTION TO TRANSFER CASE TO THE EASTERN DISTRICT OF OKLAHOMA  [DKT. NO. 401] AND SCHEDULING WRONGFUL DEATH SETTLEMENT HEARING**

Further, "[w]here one court has spent substantial amounts of time on a lawsuit, and has implicitly developed an understanding of the facts and law relative to the case, transfer of that case to another court which would then be required to expend additional time familiarizing itself with the controversy would only logically result in a deferral of a final decision in the matter." Id. at 168. Thus, as did the court in Frazier, this Court concludes that the interests of justice cannot be served by the transfer of a case to another jurisdiction "at a point where the forum court has already expended substantial resources on consideration and management of the case and where transfer of the case . . . will likely result in a decreased chance of a prompt decision in the controversy." Id. at 167.

Moreover, the specific concerns cited in the plaintiff's motion, almost all of which relate to travel expenses and pro hac vice fees, can be easily accommodated by the Court. Perhaps most critically, the Court may permit potential beneficiaries, witnesses, and counsel residing in Oklahoma to appear at the settlement hearing by video conference. The fact that such an arrangement may require the Court to manage multiple witnesses and their attorneys by video, a task which courts are frequently called upon to perform, does not warrant transfer of this action. In

8

**WRIGHT v. SBA COMMUNICATIONS CORP., ET. AL.    1:15CV205**

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S AMENDED MOTION TO TRANSFER CASE TO THE EASTERN DISTRICT OF OKLAHOMA  [DKT. NO. 401] AND SCHEDULING WRONGFUL DEATH SETTLEMENT HEARING**

addition, the Court may, in its discretion, waive the fee requirement for attorneys appearing pro hac vice in this District.

Under these circumstances, the Court concludes that transfer of this action to the Eastern District of Oklahoma is not appropriate under section 1404(a), and it therefore declines to transfer venue in this case.

### III.

In conclusion, for the reasons discussed, the Court **DENIES** the plaintiff's Amended Motion to Transfer Case to the United States District Court for the Eastern District of Oklahoma (Dkt. No. 401), and **SCHEDULES** a settlement hearing pursuant to the West Virginia Wrongful Death Statute, W. Va. Code § 55-7-7, for **Tuesday, January 22, 2019**, at **9:00 A.M. EST**, at the **Clarksburg, West Virginia**, point of holding court. By **December 10, 2018**, the plaintiff shall provide notice to all potential beneficiaries and file any motion for the appointment of a guardian ad litem.

As noted, any claimant, witness, or attorney residing in Oklahoma **MAY APPEAR** at the settlement hearing by video conference. If any counsel elects to proceed by video, the Court **DIRECTS** lead counsel for the plaintiff to contact Systems Administrator Richard Hunt, by email to **richard_hunt@wvnd.uscourts.gov**, no later than

**WRIGHT v. SBA COMMUNICATIONS CORP., ET. AL.**          1:15CV205

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S AMENDED MOTION TO TRANSFER CASE TO THE EASTERN DISTRICT OF OKLAHOMA [DKT. NO. 401] AND SCHEDULING WRONGFUL DEATH SETTLEMENT HEARING**

**December 3, 2018**, to arrange the video conference call. In addition, the Court **WAIVES** the payment of fees for any visiting attorney who submits an application to appear pro hac vice at the hearing.

It is so **ORDERED**.

The Court directs the Clerk to transmit copies of this Order to counsel of record.

DATED: November 20, 2018

>                                 /s/ Irene M. Keeley
>                                 IRENE M. KEELEY
>                                 UNITED STATES DISTRICT JUDGE